FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 2 3 2011

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDWARD WILLIAMS, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:03-CR-0659-JOF-ECS |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:07-CV-0076-JOF-ECS |

## MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This action is before the Court on the motion of Edward Williams ("Movant") brought under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. 66); Movant's motion for release from custody (Doc. No. 74); the government's response to Movant's § 2255 motion (Doc. No. 103); Movant's reply (Doc. No. 104); Movant's post-hearing brief (Doc. No. 111); the government's post-hearing response (Doc. No. 112); and Movant's post-hearing reply (Doc. No. 113).

United States District Judge J. Owen Forrester referred this case to the undersigned Magistrate Judge to conduct an evidentiary hearing and issue a Report and Recommendation. The evidentiary hearing was held on December 21, 2010. For the reasons set forth below, it is recommended that Movant be granted relief on Ground One, claiming that he was denied his right to appeal when counsel failed to file an appeal as directed.

I.  **Discussion**

   A.  **Background**

In November 2003, the grand jury charged Movant in Count One with conspiracy to possess with the intent to distribute at least five kilograms of cocaine, and in Count Two with possession with intent to distribute at least five kilograms of cocaine. (Doc. No. 1.) On June 7, 2004, Movant, represented by retained counsel, Leroy R. Johnson, pleaded guilty to Count One. (Doc. No. 42, "Guilty Plea and Plea Agreement.") Among other things, the government agreed to dismiss Count Two and Movant agreed that "[t]o the maximum extent permitted by federal law, [he] voluntarily and expressly waive[d] the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except [he could] file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range" or file an appeal if the government appealed.[1] (Id. ¶¶ 7, 9.)

During the plea hearing, Movant agreed that he was pleading guilty to Count One, conspiring to possess with intent to distribute at least five kilograms of cocaine. (Doc. No. 45 at 15-18.) The Court explained to Movant various aspects of his plea agreement,

---

   [1] A sentence-review waiver does not preclude a defendant from filing a § 2255 motion to challenge counsel's failure to file a notice of appeal. Gomez-Diaz v. United States, 433 F.3d 788, 793-94 (11th Cir. 2005).

2

including his agreement to give up the right to appeal or collaterally attack his sentence, and asked him "is that the plea bargain as you understand it?" Movant responded, "Yes, Sir." (Id. at 22-23.)  The government stated that the evidence would show, among other things, that at least five kilograms of cocaine were involved in the offense. (Id. at 24.)  Movant agreed that he had paid a substantial amount of money for drugs, but stated that the drug involved was marijuana. (Id. at 27.)  The Court found there was a factual basis for the plea, and accepted Movant's guilty plea. (Id. at 27-28.)

In April 2005, Movant appeared for sentencing with Bruce S. Harvey, who had been retained as co-counsel with Mr. Johnson for the purpose of sentencing. (See Doc. Nos. 43, 53, 93.)  Mr. Harvey argued, among other things, that Movant had pleaded guilty only to a marijuana conspiracy and should not be sentenced based on any amount of cocaine. (Doc. No. 93 at 6-8.)  At that point, the Court granted a continuance so that Movant could determine whether he wanted to file a motion to withdraw his guilty plea. (Id. at 8.) On or about May 17, 2005, Mr. Harvey moved to withdraw as counsel based on a disagreement with his client, which motion the Court granted. (Doc. No. 53 and docket entry on 6/9/2005.)  Thereafter, on June 14, 2005, Mr. Johnson also moved to withdraw based on an

alleged irrevocable conflict of interest, which motion the Court also granted. (Doc. No. 54 and docket entry on 7/5/2005.)

After the withdrawal of Mr. Johnson, the Court then appointed R. Gary Spencer on July 13, 2005, to represent Movant during sentencing. (Doc. No. 56.) Movant did not file a motion to withdraw his guilty plea and appeared for sentencing on January 17, 2006, represented by Mr. Spencer. (Doc. No. 65.) The Court sentenced Movant to a 300-month term of imprisonment (below the guideline range of 360-months to life) and dismissed Count Two, pursuant to the plea agreement. (Doc. No. 63; Doc. No. 65 at 9, 18, 21.) Movant did not file a direct appeal.

Movant then filed this § 2255 motion, in which he raises seven grounds for relief: (1) counsel provided ineffective assistance when he failed to file an appeal as requested by Movant; (2) the Court erred in denying him the right to retain counsel of his own choosing; (3) his guilty plea was unknowing and involuntary because: (a) it was coerced; (b) he lacked understanding of the charges; (c) he lacked understanding of the consequences of his guilty plea; (d) it was entered without advice from competent counsel; and (e) there was an insufficient factual basis for the plea; (4) the Court lacked jurisdiction to enter a sentence enhancement pursuant to 28 U.S.C. § 851; (5) less than twelve grand jurors returned Movant's indictment; (6) counsel provided ineffective assistance in

other respects; and (7) the Court lacked constitutional jurisdiction over Movant because his crimes occurred within state territory. (Doc. No. 66 at 5-9, 12-A, 12-C, 12-E.)

In addition to the failure to file an appeal as requested, Movant contends that he received ineffective assistance from his various counsel based on (1) Mr. Johnson failing to file a motion to suppress evidence; (2) Mr. Johnson failing to investigate and prepare for trial; (3) Mr. Johnson failing to interview eight potential witnesses; (4) Mr. Johnson failing to assist Movant adequately in regard to the plea decision; (5) Mr. Johnson failing to investigate Movant's prior convictions identified in the government's sentencing information; (6) Mr. Spencer failing to investigate and object to Movant's being sentenced under § 851; (7) Mr. Johnson filing pleadings contrary to Movant's attempts to cooperate; (8) Mr. Harvey lodging objections to the pre-sentence report, contrary to Movant's attempts to cooperate; (9) Mr. Johnson and Mr. Harvey failing to inform the Court that he wanted to withdraw his guilty plea; (10) Mr. Spencer failing to investigate and notify the Court that he wanted to withdraw his guilty plea; and (11) Mr. Spencer failing to object at sentencing to the drug amount attributed to Movant. (Doc. No. 66, Mem. at 52-64.)

Movant has contended that, immediately after sentencing, (1) he told Mr. Spencer that he wanted to file an appeal; (2) Mr. Spencer

5

told Movant he would come to see him regarding an appeal; (3) when Mr. Spencer did not contact him, Movant and his mother attempted on numerous occasions between January 17 and 27, 2006 to contact Mr. Spencer; and (4) Movant contacted the prosecutor, who told him she could not discuss the matter with him. (Id. at 9-10.) Movant averred by affidavit that he wanted to file an appeal and that numerous messages were left with Mr. Spencer's secretary. (Doc. No. 67, "Affidavit of Edward Williams" ¶¶ 29, 34.) Movant's mother, Ms. Teresa Williams, also averred by affidavit that between January 17 and 27, 2006, at Movant's request, (1) she attempted numerous times to contact Mr. Spencer regarding an appeal, (2) she was never able to speak with him personally and left numerous messages with his secretary, and (3) he never returned her calls. (Id., "Affidavit of Teresa Williams" ¶¶ 1-5.)[2]

In its Order of July 16, 2010, the Court determined that an evidentiary hearing was required on the following grounds raised by Movant: (1) Ground One, alleging that Mr. Spencer failed to file an appeal as directed by Movant; (2) Ground Three, contending that Movant's guilty plea was invalid based on ineffective assistance of counsel (additionally presented in Ground Six), in particular:

---

[2] At the hearing, the government did not object to Ms. Williams's affidavit being admitted into evidence. (Doc. No. 110 at 95.)

6

(a) Mr. Johnson failing to investigate, prepare for trial, and interview eight potential witnesses; (b) Mr. Johnson advising Movant that he was not ready to go to trial and that Movant had to plead guilty that day; and (c) Mr. Johnson, Mr. Harvey, and Mr. Spencer failing to inform the Court that Movant wanted to withdraw his guilty plea; and (3) Ground Six, claiming that Mr. Spencer provided ineffective assistance by failing to object at sentencing to the drug amount attributed to Movant or to the base offense level. (Doc. No. 106 at 7-18, 20; see also Doc. No. 66, Mem. at 9, 22, 37, 53-54, 61-63.)  The case came on for an evidentiary hearing limited to these issues on December 21, 2010.

At the hearing, Mr. Spencer testified that he did not file a notice of appeal on Movant's behalf and that he did not recall whether Movant had requested that he file one. (Doc. No. 110 at 61.)  Mr. Spencer was shown Petitioner's Exhibit Eight, a photocopy of a letter dated January 22, 2006, purportedly from Movant to Mr. Spencer, in which Movant, among other things, states that he "would like [Mr. Spencer] to file the appeal."  (See Pet'r Ex. 8.)  Mr. Spencer stated that he did not recall the letter "but it certainly could have come to my office and I could have seen it at that time." (Doc. No. 110 at 61.)  On cross examination, Mr. Spencer again testified that he just did not recall whether Movant had asked him to file an appeal.  (Id. at 75.)  When asked whether he would have

AO 72A
(Rev.8/82)

filed an appeal if requested, Mr. Spencer answered, "I certainly would have filed it in most instances if someone asked, but I really just don't recall what happened between [Movant] and I." (Id.)

Movant testified that, immediately after the sentencing hearing, "while [he] was sitting there," he asked Mr. Spencer to file an appeal, and Mr. Spencer stated that he would be out to the jail to talk with him. (Id. at 85.) Movant also testified that on January 22, 2006, a few days later, he wrote and sent Mr. Spencer the letter re-stating that he wanted him to file an appeal. (Id. at 85-86.) Movant testified that a prison official photocopied the letter for him; he kept his copy in his legal-work box; he later shipped the box to his sister when he moved facilities; and she later returned it to him. (Id. at 86-88.)

The government objected that the letter was hearsay. (Id. at 89.) At the hearing, the Court provisionally admitted the letter as a copy of communication that Movant stated he wrote and sent to Mr. Spencer. (Id. at 91.) See Rule 901, Fed. R. Evid. The undersigned now finds that the January 22, 2006, letter is admissible to show that Movant sent Mr. Spencer notice that he "would like [him] to file an appeal." The letter would either not be hearsay, or, alternatively, it would be admissible under the exception for "then existing mental, emotional or physical condition." See Rules 802, 803(3). It would also be admissible to

8

rebut any implied charge by the government that Movant's testimony on this point was a recent fabrication or improperly motivated. See Rule 801(d)(2), Fed. R. Evid.; Tome v. United States, 513 U.S. 150, 156, 115 S. Ct. 696, 700 (1995)(prior consistent statement must be made before improper motivation existed).

**B.     Ground One**

Movant contends that he asked Mr. Spencer to file a notice of appeal; that Mr. Spencer failed to appeal; and that he is entitled to relief on Ground One based on counsel's ineffective assistance. (Doc. No. 111 at 7-9.) The government argues that Movant failed to show that he ever directed Mr. Spencer to file an appeal. (Doc. No. 112 at 19.)

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. To show that counsel was ineffective for failing to file a notice of appeal, the defendant must demonstrate that counsel's failure was objectively unreasonable and prejudiced the defendant. Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 1034 (2000). Reasonable assistance requires a lawyer to file an appeal

when instructed, and "a lawyer who disregards specific instructions from the defendant to file a notice of appeal" performs deficiently. Id. at 477. Prejudice from such a failure will be presumed. Id. at 483, 120 S. Ct. at 1038; Gomez-Diaz, 433 F.3d at 790. "In a section 2255 motion, a [movant] has the burden of sustaining his contentions by a preponderance of the evidence." Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980).

After careful consideration of the evidence, the undersigned finds that Movant has shown by a preponderance of the evidence that he asked Mr. Spencer to file an appeal and that Mr. Spencer failed to file an appeal. In that regard, Movant testified that he instructed Mr. Spencer to file an appeal. (Doc. No. 110 at 85.) Movant's mother's affidavit also corroborates that efforts were made by her on Movant's behalf to contact Mr. Spencer about filing the appeal. (Pet'r Ex. 14.) In addition, Movant wrote a letter five days after sentencing to Mr. Spencer in which he advised Mr. Spencer he would like him to file an appeal. (See Pet'r Ex. 8.).

The government presented no evidence directly refuting or impeaching Movant's testimony, the affidavit, or the letter. Mr. Spencer could not recall whether Movant requested him to file an appeal. Although Mr. Spencer testified that he did not remember seeing the January 22, 2006, letter, he testified that it "certainly could have come to [his] office, and [he] could have seen it at that

10

time." (Doc. No. 110 at 61.) He did not testify that it was his habit, custom, or routine practice to file an appeal in any case where his client requested it. Although he testified he "certainly would have filed [an appeal] in most instances, if someone asked," he could not recall what happened in Movant's case. (Id. at 75.) Although the government has argued that the Court should find Movant's "self-serving" statements unworthy of credit, the undersigned finds no basis on this record to reject them. See Gallego v. United States, 174 F.3d 1196, 1198-99 (11th Cir. 1999) (holding that the court may not adopt a per se rule to credit counsel over a criminal defendant in a case involving conflicting testimony between counsel and defendant); Thomas v. Evans, 880 F.2d 1235, 1243 (11th Cir. 1989) (stating that Prisoner testimony is not disallowable "solely on the basis that they are convicted felons and prisoners.") Here, Movant has shown by a preponderance of the evidence that he is entitled to relief on Ground One.

C. **Movant's Remaining Grounds**

Movant argues that, although he is entitled to relief on Ground One, granting relief on that ground and dismissing his remaining grounds without prejudice would be inefficient because the case would remain "freighted with the Constitutional defect of ineffective assistance in failing to object to drug quantity" at sentencing. (Doc. No. 111 at 11.) Movant asserts that the Court

11

should grant relief on his claim that counsel was ineffective at sentencing and re-sentence him accordingly. (Id. at 11-12.) The government responds that if the Court finds Movant entitled to relief on Ground One, the proper remedy is for the sentencing Court to reimpose the same sentence and allow Movant to pursue his direct appeal. (Doc. No. 112 at 20.) In reply, Movant relies on a case from the Southern District of Florida as authority for the Court to entertain Movant's ground that he received ineffective assistance of counsel at sentencing and to impose a different sentence before he files a direct appeal. (Doc. No. 113 at 8.) See Taveras v. United States, 2010 WL 2634433, at *3 (S.D. Fla. 2010) (finding ineffective assistance of counsel for failing to file an appeal, but affording relief on, and declining to stay or dismiss, actual innocence claim), adopting 2010 WL 2650848, at *10-11 (S.D. Fla.).

"When a defendant loses the opportunity to appeal due to constitutionally defective counsel, the point of the § 2255 remedy is to put the defendant back in the position he would have been in had his lawyer filed a timely notice of appeal." McIver v. United States, 307 F.3d 1327, 1331 (11th Cir. 2002) (internal quotations and brackets omitted). "When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, . . . the same sentence should

. . . be reimposed . . . ." United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).  In McIver, the court stated:

> We think the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal. There are significant inefficiencies to any other approach. If the district court were to deny a collateral claim under a different standard of review than applies on direct appeal, then the defendant might be entitled to relitigate the same claim in his reinstated direct appeal. Moreover, both the government and the petitioner could pursue collateral appellate proceedings on other claims that the outcome of the direct appeal might render unnecessary. . . . [C]lear precedent of this Court directs that collateral claims should not be entertained while a direct appeal is pending. Once the court has determined that the petitioner is entitled to a direct appeal, such an appeal is "pending" for all relevant policy purposes.

McIver, 307 F.3d at 1332 n.2 (citations omitted); see also United States v. Khoury, 901 F.2d 948, 969 n.20 (11th Cir.) ("[W]here a prisoner raises in a § 2255 motion a claim that is then pending on direct appeal, the § 2255 motion is 'not entitled to consideration on the merits.'"), modified on other grounds, 910 F.2d 713 (1990); United States v. Frank, 353 F. App'x 305, 307-08 (11th Cir. 2009) (relying on McIver to affirm the dismissal without prejudice of the remaining claims in the movant's motion to vacate sentence once he was granted an out-of-time appeal) (unpublished opinion).

Under the above authorities, a merits determination of Movant's remaining claims would be improper.  The remaining claims should be

13

dismissed without prejudice or held in abeyance. See McIver, 307 F.3d at 1332 n.2. "[T]he point of the § 2255 remedy is to put the defendant back in the position he would have been in had his lawyer filed a timely notice of appeal." Id., 307 F.3d at 1331 (internal quotations and brackets omitted). And, when "an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, . . . the same sentence should . . . be reimposed." Phillips, 225 F.3d at 1201. "Once the court has determined that the petitioner is entitled to a direct appeal, such an appeal is 'pending' for all relevant policy purposes[,]" and "collateral claims should not be entertained while a direct appeal is pending." McIver, 307 F.3d at 1332 n.2.

Furthermore, a valid appeal waiver may foreclose any claim regarding counsel's effectiveness at sentencing, Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005), and here, a direct appeal may be informative as to whether Movant's guilty plea and appeal waiver are valid or invalid. Movant's claims regarding the validity of his guilty plea (for reasons other than ineffective assistance of counsel) are properly raised for the first time on direct appeal, and it would be premature to review them at this time. See Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged

14

on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). Accordingly, Movant's remaining grounds should be dismissed without prejudice or held in abeyance.

D. **Motion for Release From Custody**

In October 2008, the Court appointed Robert H. Citronberg to represent Movant in these § 2255 proceedings. Because of a conflict of Mr. Citronberg, he was allowed to withdraw, and in March 2009, the Court appointed Albert L. Norton, Jr. to represent Movant. (Doc. Nos. 73, 81.) In February 2009, before Mr. Norton's appearance, Movant filed a pro se "writ of habeas corpus," filed as a motion for release from custody. (Doc. No. 74.) Therein, Movant alleged, among other things, that this Court is bankrupt, insolvent, and without jurisdiction; that this Court and his prior defense attorneys have violated his civil rights under a treaty between Pope Innocent III and King John; that the district court judge sold the indictment under the Uniform Commercial Code; that British corporations own every type of code within the United States judicial system; and that America is under military occupation by conquering foreign creditors. (Id.) None of these grounds warrant

15

Movant's release from custody.  This motion, therefore, should be denied.[3]

## II. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v . McDaniel, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations omitted).

---

[3] See also LR 83.1 D.(2), which provides, "[w]henever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court."

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 188 n.3, 129 S. Ct. 681, 684 n.3 (2009) (quotations omitted, citing Slack, 529 U.S. at 484, 120 S. Ct. at 1603-04). The undersigned recommends that a COA should be **DENIED** in this case because the only recommendations adverse to Movant – that Movant's remaining grounds should be dismissed without prejudice or held in abeyance and that his "motion for release from custody" should be denied – are not debatable in this case. If the Court adopts this report and recommendation and denies a COA, the parties are advised that they "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

**IT IS RECOMMENDED** that Movant's motion for release from custody (Doc. No. 74) be **DENIED**.

**IT IS RECOMMENDED** that the § 2255 motion be **GRANTED** on Ground One. Movant should be granted an out-of-time appeal under the following procedure:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen[4]] days, which is dictated by Rule 4(b)(1)(A)(i).

Phillips, 225 F.3d at 1201; see also United States v. Parrish, 427 F.3d 1345, 1347-48 (11th Cir. 2007) (holding that re-sentencing under Phillips, without defendant's presence, comports with due process).

**IT IS THEREFORE RECOMMENDED** that:

(1) The criminal judgment in this action be **VACATED**;

---

[4] Currently, Fed. R. App. P. Rule 4(b)(1)(A)(i), allows fourteen days in which to file an appeal from a criminal judgment.

(2) The sentence imposed by this Court on January 17, 2006, be **REIMPOSED**, with appropriate credit for time already served; and

(3) Movant be **ADVISED** that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for <u>in forma pauperis</u> status to pursue the appeal; (c) if he is unable to afford counsel for the appeal, an attorney will be appointed for him; and (d) with few exceptions, any notice of appeal must be filed within fourteen days of the re-imposition of sentence.

**IT IS FURTHER RECOMMENDED** that Movant's remaining grounds be **DISMISSED** without prejudice and that COA be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 23d day of August, 2011.

E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)