IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDWARD WILLIAMS, | : | MOTION TO VACATE |
| BOP ID 56839-004, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:14-CV-3150-ODE-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:03-CR-659-ODE-CMS |

## FINAL REPORT AND RECOMMENDATION

Proceeeding *pro se*, federal inmate Edward Williams has asked this Court to vacate his conviction and 300-month sentence, entered after he pleaded guilty to conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846. *See* [142], [146], [152], [164] & [169].[1]   Williams has asserted twenty-six grounds for relief, including that two retained and two appointed lawyers provided ineffective assistance. The government filed an opposition and a supplement. *See* [165] & [176]. For the reasons that follow, I recommend that Williams's § 2255 motion be denied and that a Certificate of Appealability be denied.

---

[1] This Final Report and Recommendation does not address Williams's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2), which has not been referred to the undersigned. *See* [149], [151], [153], [155], [156], [157], [158] & [160].

The government argues that this Court need reach the merits of Williams's § 2255 motion for two reasons: first, because the motion is untimely, *see* [165] at 19-20; and, second, because Williams waived in his plea agreement the right to file a § 2255 motion, *see* [176] at *passim*. I consider these arguments in sequence.

Federal law requires that a § 2255 motion be filed within one year of the latest to occur of four specified events. *See* 28 U.S.C. § 2255(f). The event relevant here is "the date on which the judgment of conviction bec[ame] final." *Id.* at (1). "For the purpose of starting the clock on § 2255's one-year limitation period . . . , a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 524 (2003).

The United States Court of Appeals for the Eleventh Circuit handed down its decision on Williams's direct appeal on July 17, 2013. *See Williams v. United States*, 523 F. App'x 666 (11th Cir. 2013). Pursuant to the Rules of the Supreme Court of the United States, Williams then had 90 days to file a petition for a writ of certiorari. *See* Sup. Ct. R. 13.1. That time expired on October 13, 2013. Because Williams signed and mailed his

§ 2255 motion less than one year later, on September 10, 2014 (and this Court received and docketed that motion on September 30, 2014), *see* [142], it was plainly timely filed.

On the other hand, knowing and voluntary waivers of appeal and/or collateral attack rights are generally enforceable. *See, e.g.*, *Williams v. United States*, 396 F.3d 1340, 1341-42 (11th Cir. 2005) (collateral attack waivers); *United States v. Bushert*, 997 F.3d 1343, 1350 (11th Cir. 1993) (sentence appeal waivers).[2] Williams's plea agreement contains a provision stating that "[t]o the maximum extent permitting by federal law, the defendant voluntarily and expressly waives . . . the right to collaterally attack his sentence in any post-conviction proceeding on any ground," subject only to an exception not relevant here. [42] at 5. And the record of prior proceedings indicates that Williams's collateral attack waiver was knowingly and voluntarily made.

---

[2] Williams may wonder why the collateral attack waiver in his plea agreement did not bar the § 2255 motion he filed in 2007. *See* [66]. The answer is that a claim he made–that one of his attorneys failed to file a notice of appeal as directed–is not deemed to be waived by an appeal and/or collateral attack waiver. *See Gomez-Diaz v. United States*, 433 F.3d 788, 793-94 (11th Cir. 2005). Consequently, Williams was granted limited relief and afforded the opportunity to file a belated direct appeal. *See* [114] & [118].

Williams challenged the legality of his guilty plea on direct appeal, including on the basis that the district judge "did not follow the proper procedure under Fed. R. Crim. P. 11 to ensure that his guilty plea was knowing and voluntary." *Williams*, 523 F. App'x at 667. The Eleventh Circuit concluded that "the record shows the district court fulfilled its obligations under Rule 11." *Id.* Thus, there is no reasonably debatable question here that Williams's plea agreement was entered into knowingly and voluntarily. Moreover, issues raised and decided on direct appeal cannot be relitigated in a collateral attack. *See, e.g.*, *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal."). This is a sufficient basis on which to enforce the collateral attack waiver in Williams's plea agreement.

Because Williams knowingly and voluntarily waived his right to collaterally attack his conviction and sentence and because he has raised no non-waivable claim, I **RECOMMEND** that his § 2255 motion be **DENIED**.

I further **RECOMMEND** that a Certificate of Appealability be **DENIED** because Williams does not meet the requisite standards. *See*

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

    I **DIRECT** the Clerk to terminate the referral of this case to me.

    **SO RECOMMENDED AND DIRECTED**, this 14th day of March, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE