FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUN 26 2017

James N. Hatten, Clerk
By: AMCaue Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDWARD WILLIAMS, BOP ID 56839-004, Movant, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | : : : | CIVIL ACTION NO. 1:14-CV-3150-ODE |
| UNITED STATES OF AMERICA, Respondent. | : : | CRIMINAL ACTION NO. 1:03-CR-659-ODE |

### ORDER

In 2004, Edward Williams "plead[ed] guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846," and, in 2006, the Honorable J. Owen Forrester sentenced Williams to serve "a 300-month sentence." Williams v. United States, 523 F. App'x 666, 667 (11th Cir. 2013). Williams's conviction and sentence were upheld on direct appeal, where the United States Court of Appeals for the Eleventh Circuit determined, inter alia, that (1) "the district court fulfilled its obligations under Rule 11," id. at 668, (2) Williams's claim that "his guilty plea was not knowing and voluntary" was meritless, id., and (3) Williams's protestations that he was "involved only in marijuana but not cocaine" did not vitiate his plea because "the Government presented sufficient evidence to find Williams guilty of the charged drug conspiracy," id. at 669-70.

This matter is now before the Court on (A) Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by

AO 72A
(Rev.8/82)

a Person in Federal Custody (Doc. 142), (B) Magistrate Judge Catherine Salinas's Final Report and Recommendation ("R&R") (Doc. 177), (C) Williams's Objection to Court Order by Magistrate Judge and Motion for Recusal Pursuant to 28 U.S.C. § 455(a) (Doc. 180), (D) Williams's Motion for Enlargement of Time [to file Objections] (Doc. 182), and (E) Williams's Objections to Magistrate's Final Report and Recommendation MRR - In It's [sic] Entirety (Doc. 183).

As a preliminary matter, Williams's Motion for Enlargement of Time is **GRANTED** nunc pro tunc, and the Court has treated Williams's Objections as though they were timely filed.

Because Williams is proceeding pro se, the Court has construed his filings liberally. See, e.g., Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). And, in light of Williams's Objections, the Court has conducted a de novo review of the entire R&R. See generally 28 U.S.C. § 636(b)(1).

Williams's § 2255 motion raised twenty-six grounds for relief, nineteen of which asserted that the lawyers at two firms he retained and the lawyers appointed by the Court when his retained counsel later withdrew were all incompetent. See (Doc. 142). In support of his motion, Williams submitted a voluminous set of memoranda and exhibits. See (Docs. 146 & 152).

The R&R concluded that while the Government erred in arguing that Williams's § 2255 motion was untimely, the Government

2

correctly argued that the collateral attack waiver included in Williams's Plea Agreement precluded him from attacking his conviction and sentence in a § 2255 proceeding. See (Doc. 142). Accordingly, the R&R recommended that Williams's § 2255 motion be denied and that a Certificate of Appealability be denied. See id.

Williams raises three principal objections to the R&R, all of which are without merit.

First, Williams argues that the Government "clearly abandoned/waived" any argument that his collateral attack waiver should be enforced by addressing his § 2255 motion on the merits in its initial Response and that it was "an abuse of discretion" for the Magistrate Judge to issue a two-page Order asking the Government to state whether it was declining to enforce the collateral attack waiver. (Doc. 183 at 1-5); see also (Doc. 165) (Government's Response) & (Doc. 174) (Order).

In support of this objection, Williams points to the Supreme Court's decision in Greenlaw v. United States, 554 U.S. 237 (2008). That case reached the Supreme Court on appeal from a decision in which an Eighth Circuit panel had, sua sponte, increased a defendant's sentence based on its view "that the applicable law plainly required a prison sentence 15 years longer than the term the trial court had imposed." Greenlaw, 554 U.S. at 240. The Supreme Court stated "[t]he specific question presented" was "[m]ay

3

a United States Court of Appeals, acting on its own initiative, order an increase in a defendant's sentence?" Id. And the Supreme Court held "that, absent a Government appeal or cross-appeal, the sentence [the defendant] received should not have been increased." Id. The Supreme Court explained that this holding rested on the "cross-appeal rule." Id. at 244.

Williams's case, of course, has nothing to do with the cross-appeal rule, so he reaches deeper into Greenlaw for the general principle that "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Id. at 243; see also (Doc. 183 at 2) (misquoting this passage from Greenlaw). Williams then argues that the Magistrate Judge did not follow the principle of party presentation. But this argument is inaccurate. The Magistrate Judge did not enforce the collateral attack waiver in this case sua sponte. Rather, the Magistrate Judge directed the Government to state its position with respect to the collateral attack waiver, and it was the Government's decision to seek to enforce the collateral attack waiver. This is entirely consistent with the principle of party presentation. And it is entirely consistent with the commonplace practice of courts to ask the parties to clarify what it is that they are (or are not) arguing.

4

In any event, the Supreme Court has recognized and approved of district courts acting on their own initiative to determine whether habeas corpus petitions are subject to dismissal for procedural reasons. See, e.g., Day v. McDonough, 547 U.S. 198 (2006). In Day, the Supreme Court concluded that a district court has the "authority, on its own initiative, to dismiss a habeas petition as untimely, once the State has answered the petition without contesting its timeliness," and in so concluding noted that it had previously held that federal courts may dismiss habeas petitions sua sponte for failure to exhaust state remedies and that federal circuit courts had "unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default." Id. at 202 & 206. Furthermore, the Day Court expressly stated - albeit in dicta - "that the Magistrate Judge, instead of acting sua sponte, might have informed the State of its obvious computation error and entertained an amendment to the State's answer." Id. at 209. This, in effect, is exactly what the Magistrate Judge did in this case, and it was neither an abuse of discretion, nor error for her to have done so.

Second, Williams argues that, even if the collateral attack waiver in his Plea Agreement may be enforced by the Government, his specific claim that the Government breached the terms of his plea agreement is "non-waivable" and must be addressed on the merits.

5

(Doc. 183 at 7). In support of this objection, Williams cites <u>United States v. Hunter</u>, 835 F.3d 1320 (11th Cir. 2016). <u>Hunter</u> is inapposite, however, because it addressed a preserved claim of sentencing error raised on direct appeal. Williams, in contrast, did not argue when he was sentenced that the prosecution was violating the terms of his Plea Agreement, nor did he raise any claim on direct appeal that his Plea Agreement was breached.

But even assuming that the Eleventh Circuit would treat an alleged breach of a plea agreement as a non-waivable claim in a § 2255 proceeding, <u>cf.</u> <u>Sanford v. United States</u>, 841 F.3d 578, 580 (2d Cir. 2016), the record of prior proceedings conclusively demonstrates that none of the "breaches" Williams alleges actually occurred. The Government agreed to recommend a sentence at the low-end of the guideline range, <u>see</u> (Doc. 42 at 4), and kept that agreement, <u>see</u> (Doc. 65 at 14). The Government agreed to allege by information pursuant to 21 U.S.C. § 851 only one of Williams's prior drug convictions, <u>see</u> (Doc. 42 at 6), and kept that agreement as well, <u>see</u> (Doc. 9). And, finally, the Plea Agreement includes no provisions with respect to the drug quantity or role in the offense that would be attributed to Williams, <u>see</u> (Doc. 42 at <u>passim</u>), so the Government did not "breach" any such provision.

Third, and finally, Williams argues that a delay in his receipt of the R&R demonstrates "the collusion of Government

6

officials to infringe upon the Movant's right to a first Habeas Corpus" because it prevented him from filing timely Objections. (Doc. 183 at 11). This argument is moot and meritless. It is moot because the Court has granted Williams's request for an extension of time to file his Objections and considered them as though they were timely filed. See p. 2, supra. And it is meritless because the docket clearly reflects that the R&R was mailed to Williams on the day it was issued, returned as undeliverable, and then immediately remailed to him. There was no "collusion," only a postal delay that was promptly addressed by the Clerk and that has not prejudiced Williams.

Accordingly, (A) Williams's Objections are **OVERRULED**, (B) the R&R is **APPROVED** and **ADOPTED** as the Order of the Court, as supplemented herein, (C) Williams's § 2255 motion is **DENIED**, and (D) a Certificate of Appealability is **DENIED**.

As a final matter, Williams's motion for recusal is **DENIED**. Magistrate Judge Salinas's recusal is neither required, nor appropriate in this case because "no objective, fully-informed lay observer would entertain significant doubt about the [magistrate] judge's impartiality." United States v. Perkins, 787 F.3d 1329, 1342 (11th Cir. 2015); see also United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) ("adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is

in doubt") (quotation marks and alteration omitted). For the reasons explained above, Magistrate Judge Salinas's two-page Order, see (Doc. 174), asking the Government to state whether it intended to enforce the collateral attack waiver in Williams's Plea Agreement was not improper.

**SO ORDERED**, this 26 day of June, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)